UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TYRONE MINNIS, SR., <br><br> Plaintiff, <br><br> -against- <br><br> CITY OF NEW YORK, ANDREW FAGO, Individually, JAIME ORTIZ, Individually, VINCENT DICRESCENTO, Individually, MICHAEL FRIEDMAN, Individually, ARTHUR TRUSCELLI, Individually, NICHOLAS VELEZ, Individually, and JOHN BROOKS, Individually, <br><br> Defendants. | **AMENDED COMPLAINT** <br><br> 14-CV-7589 (ENV) (CLP) <br><br> **JURY TRIAL DEMANDED** |

Plaintiff TYRONE MINNIS, SR., by his attorney, The Trainor Law Firm, P.C., complaining of the defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages, and attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of his civil rights, which are secured by these statutes and the Constitutions of the United States and the State of New York. Plaintiff also asserts supplemental state law claims.

## JURISDICTION

2. Plaintiff brings this action pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. This Court has jurisdiction to hear all claims in this matter pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

## VENUE

4.   Venue is properly laid in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) because this is the District in which the claim arose.

## JURY DEMAND

5.   Plaintiff respectfully demands a trial by jury on all issues in this matter pursuant to Federal Rule of Civil Procedure 38(b).

## PARTIES

6.   Plaintiff TYRONE MINNIS, SR., is a sixty-six year old African-American male and United States Citizen who resides in Staten Island, New York.

7.   Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.   Defendant CITY OF NEW YORK maintains the New York City Police Department ("NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, the CITY OF NEW YORK.

9.   At all times hereinafter mentioned, the individually named defendants, ANDREW FAGO (Shield No. 2171), JAIME ORTIZ (Shield No. unknown), VICENT DICRESCENTO (Shield No. 7466), MICHAEL FRIEDMAN (Shield No. 6423), ARTHUR TRUSCELLI (Shield No. 691), NICHOLAS VELEZ (Shield No. 450), and JOHN BROOKS (Shield No. 6877), were duly sworn police officers of the NYPD, assigned to the Staten Island Narcotics Bureau, and were acting under the supervision of the NYPD and according to their official duties.

10.   At all times hereinafter mentioned, the defendants, either personally or through

their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages, and/or practices of the State of New York and/or the CITY OF NEW YORK.

11. Each and all of the defendants' acts alleged herein were done by these defendants while acting within the scope of their employment with Defendant CITY OF NEW YORK.

## FACTS

12. On June 26, 2013, between 5:00 p.m. and 6:00 p.m., Plaintiff TYRONE MINNIS, SR., ("Mr. Minnis") was lawfully present in the vicinity of 119 South Avenue, Staten Island, New York, when, upon information and belief, NYPD Narcotics Bureau Staten Island Detectives Andrew Fago, Vincent Dicrescento, Michael Friedman, Arthur Truscelli, Nicholas Velez, and John Brooks and NYPD Lieutenant Jaime Ortiz, illegally and without any lawful justification whatsoever, unlawfully arrested and imprisoned him.

13. Before, during, and after the defendants arrested him, Mr. Minnis committed no crime or offense. Likewise, at all times relevant to these events, Mr. Minnis was not behaving in a manner that would suggest to any reasonable police officer that he had done anything unlawful.

14. On June 26, 2013, Mr. Minnis was working as a driver for MV Transportation, which provides Access-a-Ride services in certain areas of New York City. At approximately 4:30 p.m., while he was driving his Access-a-Ride truck in the course of his employment, Mr. Minnis received a phone call from his then-eight-year old daughter, Genesis Hamm, informing him that the defendants raided her mother's home at 119 South Avenue, in Staten Island, New York. Genesis called her father while she was across the street at her friend's house, and the defendants were searching her mother's home.

15. Shortly thereafter, Genesis went to the restaurant "Checkers" with Mr. Minnis's

3

son's girlfriend. When he completed his work assignment, Mr. Minnis drove to Checkers to pick up Genesis. Upon picking up Genesis, Mr. Minnis drove to 119 South Avenue.

16. When Mr. Minnis arrived at 119 South Avenue, he observed that the lights were off but the storm door and entry door were open. As Mr. Minnis approached the door, one of the defendants came to the door from inside of the house, grabbed Mr. Minnis's arm, pulled him inside of the house, and rear-handcuffed him.

17. The defendants then began interrogating Mr. Minnis about drugs and guns. Mr. Minnis explained to the defendants that he did not reside at 119 South Avenue and that he had been at work all day and knew nothing about any drugs or guns. Nevertheless, the defendants continued to threaten Mr. Minnis, including threatening to break down the walls and calling him a liar. At the time, Mr. Minnis resided at 176 Port Richmond Avenue, Staten Island, New York.

18. Despite lacking probable cause, reasonable suspicion, and having no justification whatsoever, the defendants then placed Mr. Minnis in an NYPD vehicle, and transported him to the NYPD's 120th Precinct, where he remained unlawfully imprisoned.

19. Upon processing Mr. Minnis's arrest at the precinct, the defendants transported him to the Richmond County Criminal Court for arraignment on the baseless charges filed under docket number 2013RI005168. These charges were filed based upon the false allegations of Defendant Andrew Fago. Moreover, Defendant Fago knowingly created the underlying false information and forwarded this information to the District Attorney's Office knowing that this information would be used against Mr. Minnis at trial.

20. On June 27, 2013, Mr. Minnis was arraigned on false charges of possessing a controlled substance and marijuana. Upon arraignment, the presiding Criminal Court judge released Mr. Minnis on his own recognizance.

21. Prior to his release at arraignment, Mr. Minnis spent approximately twenty-four (24) hours falsely imprisoned.

22. The defendants arrested and initiated criminal proceedings against Mr. Minnis despite their knowledge that they lacked probable cause, reasonable suspicion, or any justification whatsoever to do so.

23. The defendants initiated this prosecution for the purpose of covering up their unlawful arrest of Mr. Minnis.

24. This false arrest, denial of fair trial rights, and malicious prosecution compelled Mr. Minnis to return to the Richmond County Criminal Court to face these false charges on approximately four (4) occasions, when, on November 7, 2013, the presiding Criminal Court judge dismissed this malicious prosecution against Mr. Minnis outright.

25. All of the events leading up to and culminating in Mr. Minnis being subjected to false arrest, denial of fair trial rights, and malicious prosecution occurred while other NYPD officers, including, but not limited to, the individually named defendants, either participated in or failed to intervene in the illegal conduct described herein despite having every opportunity to do so.

26. All of these events occurred as a direct result of the unconstitutional policies, customs, or practices of Defendant CITY OF NEW YORK, including, but not limited to, the inadequate screening, hiring, retaining, training, promoting, compensating, disciplining, and supervising of its employees.

27. As a result of the defendants falsely arresting him, Mr. Minnis's employer, MV Transportation, suspended him without pay pending the outcome of the underlying criminal case against him. This suspension caused Mr. Minnis to lose wages from the time he was falsely

arrested until the time this case was dismissed against him.

28.     The underlying false arrest, denial of the right to fair trial, and malicious prosecution is not an isolated incident.  Defendant CITY OF NEW YORK is aware, from lawsuits, notices of claims, press accounts, and complaints filed with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK's Civilian Complaint Review Board, that many NYPD officers in the Narcotics Bureau, including the defendants, abuse their authority and are insufficiently trained regarding what constitutes probable cause for an arrest when executing search warrants.  Further, these officers routinely arrest anyone associated with, in the vicinity of, or who happens to be around a location where they execute a search warrant; and upon effectuating such false arrests, these officers engage in falsification, including, but not limited to, charging victimized citizens with possessing controlled substances.

29.     Indeed, Defendant CITY OF NEW YORK's notice is not limited to the plethora of complaints filed against it for its officers' unconstitutional behavior.  As recently as July 28, 2014, the New York Daily News exposed how "Seven of the city's top 10 most-sued officers – and 14 of the city's top 50 most-sued officers – are assigned to a Staten Island narcotics unit working in the territory of the 120th Precinct."  Barry Paddock, et al., Staten Island, borough where Eric Garner died, has highest number of most-sued NYPD officers, N.Y. DAILY NEWS, July 28, 2014, http://www.nydailynews.com/new-york/staten-island-highest-number-most-sued-nypd-officers-article-1.1882160#ixzz38rVpgLGc (emphasis added).  The Daily News uncovered that detectives and officers assigned to the NYPD's Narcotics Bureau Staten Island (commonly referred to as "NBSI"), to which all of the individual defendants are assigned, are notorious for violating individuals' civil rights, and the article even addresses when NBSI officers falsely arrest people through "haphazard raids."  Id.  ("[Staten Island] has the fewest people of any

borough in the city, but it has big problems between police and the citizens they're sworn to protect.").

30. Defendant CITY OF NEW YORK is further aware that such conduct and improper training has often resulted in deprivations of civil rights. Despite such notice, Defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the defendants to violate Mr. Minnis's civil rights.

31. Moreover, upon information and belief, Defendant CITY OF NEW YORK was aware that, prior to this incident, the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, Defendant CITY of NEW YORK has retained these officers and failed to adequately train, supervise, and discipline them.

32. As a result, Plaintiff TYRONE MINNIS, SR., has sustained, among other damages, mental injuries, emotional distress, embarrassment, humiliation, lost wages, and deprivation of his constitutional rights and liberty.

## FEDERAL CLAIMS

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. § 1983)

33. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "32" with the same force and effect as if fully set forth herein.

34. All of the aforementioned acts of the defendants, their agents, servants, and employees were carried out under the color of state law.

35. All of these aforementioned acts deprived Plaintiff TYRONE MINNIS, SR., of the rights, privileges, and immunities guaranteed to United States citizens by the Fourth and

Fourteenth Amendments to the United States Constitution and were in violation of 42 U.S.C. § 1983.

36. The individual defendants carried out these illegal acts in their capacity as police officers, with the entire actual and/or apparent authority attendant to their office.

37. The individual defendants carried out these illegal acts in their capacity as police officers, pursuant to the customs, usages, practices, procedures, and the rules of Defendant CITY OF NEW YORK and the NYPD, all under the supervision of ranking officers of the NYPD.

38. The defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure, or rule of the respective municipality/authority, which is forbidden by the United States Constitution.

39. As a result, Plaintiff TYRONE MINNIS, SR., is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

**AS AND FOR A SECOND CAUSE OF ACTION**
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

40. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "39" with the same force and effect as if fully set forth herein.

41. The defendants arrested Plaintiff TYRONE MINNIS, SR., without probable cause or legal privilege, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

42. The defendants caused Plaintiff TYRONE MINNIS, SR., to be falsely arrested and unlawfully imprisoned, resulting in Plaintiff being put in fear for his safety, humiliated,

embarrassed, deprived of his liberty, and suspended without pay from his employer.

43. As a result, Plaintiff TYRONE MINNIS, SR., is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

### AS AND FOR A THIRD CAUSE OF ACTION
(Denial of the Right to Fair Trial under 42 U.S.C. § 1983)

44. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "43" with the same force and effect as if fully set forth herein.

45. The defendants falsified the information against Plaintiff TYRONE MINNIS, SR., likely to influence a jury's decision and forwarded this false information to the District Attorney's Office for use in the underlying prosecution of Plaintiff.

46. The defendants caused Plaintiff TYRONE MINNIS, SR., to be prosecuted upon the false information that they submitted to the District Attorney's Office until the underlying prosecution was dismissed outright on November 7, 2013.

47. This denial of the right to fair trial caused Plaintiff to be suspended from his job without pay by his employer until the case was dismissed.

48. As a result, Plaintiff TYRONE MINNIS, SR., is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Malicious Prosecution under 42 U.S.C. § 1983)

49. Plaintiff repeats, reiterates and realleges each and every allegation contained in

paragraphs numbered "1" through "48" with the same force and effect as if fully set forth herein.

50. The defendants initiated, commenced, and continued a malicious prosecution against Plaintiff TYRONE MINNIS, SR.

51. The defendants misrepresented and falsified the information that they presented to the District Attorney's Office in order to prosecute Plaintiff.

52. The defendants did not make a complete and full statement of facts to the District Attorney's Office in the underlying prosecution.

53. The defendants caused Plaintiff TYRONE MINNIS, SR., to be prosecuted without any probable cause until all of the charges against him were dismissed outright on November 7, 2013, resulting in a favorable termination for Plaintiff.

54. This malicious prosecution caused Plaintiff to be suspended from his job without pay by his employer until it was dismissed.

55. As a result, Plaintiff TYRONE MINNIS, SR., is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

**AS AND FOR A FIFTH CAUSE OF ACTION**
(Failure to Intervene under 42 U.S.C. § 1983)

56. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "55" with the same force and effect as if fully set forth herein.

57. The defendants had an affirmative duty to intervene on behalf of Plaintiff TYRONE MINNIS, SR., whose constitutional rights were being violated in their presence by other officers, including, but not limited to, the individual defendants.

58. The defendants failed to intervene to prevent the unlawful conduct described herein despite having every opportunity to do so.

59. As a result, Plaintiff TYRONE MINNIS, SR., was subjected to false arrest, denial of his right to a fair trial, malicious prosecution, his liberty was restricted for an extended period of time, he was put in fear for his safety, he was humiliated and subjected to handcuffing, physical restraints, an extended period of imprisonment, and suspended without pay from his employer.

60. As a result, Plaintiff TYRONE MINNIS, SR., is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

61. All of the foregoing acts by defendants deprived Plaintiff TYRONE MINNIS, SR., of federally protected rights, including, but not limited to, the right:

      A. To be free from deprivation of civil rights and liberty;

      B. To be free from false arrest/unlawful imprisonment;

      C. To be free from denial of the right to a fair trial;

      D. To be free from malicious prosecution; and

      E. To be free from the failure to intervene.

62. As a result, Plaintiff TYRONE MINNIS, SR., is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

## STATE CLAIMS

63. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "62" with the same force and effect as if fully set forth herein.

64. Within ninety (90) days after the claim herein accrued, Plaintiff duly served upon, presented to, and filed with, the CITY OF NEW YORK, a Notice of Claim setting forth all the facts and information required under the General Municipal Law 50-e.

65. The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof, and more than thirty (30) days have elapsed since the presentation of such claim to the CITY OF NEW YORK.

66. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

67. Plaintiff has complied with all conditions precedent to maintaining this action.

68. This action falls within one or more of the exceptions outlined in CPLR § 1602.

### AS AND FOR A SIXTH CAUSE OF ACTION
(Malicious Prosecution under the laws of the State of New York)

69. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "68" with the same force and effect as if fully set forth herein.

70. The defendants initiated, commenced, and continued a malicious prosecution against Plaintiff TYRONE MINNIS, SR.

71. The defendants misrepresented and falsified the information that they presented to the District Attorney's Office in order to prosecute Plaintiff.

72. The defendants did not make a complete and full statement of facts to the District Attorney's Office in the underlying prosecutions.

73. The defendants caused Plaintiff TYRONE MINNIS, SR., to be prosecuted without any probable cause until the underlying criminal cases against him was dismissed outright on November 7, 2013, resulting in a favorable termination for Plaintiff.

74. This malicious prosecution caused Plaintiff to be suspended from his job without pay by his employer until it was dismissed.

75. As a result, Plaintiff TYRONE MINNIS, SR., is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

**AS AND FOR A SEVENTH CAUSE OF ACTION**
(*Respondeat Superior* liability under the laws of the State of New York)

76. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "75" with the same force and effect as if fully set forth herein.

77. Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

78. As police officers with the NYPD, the individual defendants were employees of Defendant CITY OF NEW YORK and were acting within the scope of their employment when they engaged in the wrongful conduct described herein.

79. As a result of the defendants' conduct, Plaintiff TYRONE MINNIS, SR., has suffered mental anguish, together with fear, apprehension, embarrassment, humiliation, lost wages, and an extended period of unlawful imprisonment and deprivation of his liberty.

80. As a result, Plaintiff TYRONE MINNIS, SR., is entitled to compensatory

damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff TYRONE MINNIS, SR., demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages against the individual defendants in an amount to be determined by a jury;

(C) reasonable attorneys' fees and the costs and disbursements of this action; and

(D) such other and further relief as the Court deems just and proper.

**Dated**: New York, New York
July 14, 2015

        Respectfully submitted,

        **THE TRAINOR LAW FIRM, P.C.**
        26 Broadway, Suite 2100
        New York, New York 10004
        Tel: (212) 323-7410
        Fax: (212) 323-7411

        By: *Craig Trainor*
             CRAIG TRAINOR (CT 1823)

        Attorney for Plaintiff TYRONE MINNIS, SR.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TYRONE MINNIS, SR., <br><br> Plaintiff, <br><br> -against- <br><br> CITY OF NEW YORK, ANDREW FAGO, Individually, JAIME ORTIZ, Individually, VINCENT DICRESCENTO, Individually, MICHAEL FRIEDMAN, Individually, ARTHUR TRUSCELLI, Individually, NICHOLAS VELEZ, Individually, and JOHN BROOKS, Individually, <br><br> Defendants. | 14-CV-7589 (ENV) (CLP) |

# AMENDED COMPLAINT

THE TRAINOR LAW FIRM, P.C.
Attorney for Plaintiff
26 Broadway, Suite 2100
New York, New York 10004